402 A.2d 1020

**ESTATE of Robert L. LOWRY.**

**Appeal of Mary E. LOWRY.**

Supreme Court of Pennsylvania.

Argued May 24, 1979.

Decided July 5, 1979.

John D. Rively, Harrisburg, for appellant.

Gerald T. Sajer, New Cumberlan, for appellee CCNB.

Francis J. O'Gorman, Jr., Harrisburg, for appellee Robert Griffin.

Harry L. McNeal, Jr., York, ad litem.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Robert L. Lowry, now deceased, and appellee, Robert Griffin, owned all of the outstanding stock of Robert L. Lowry, Inc. In 1972 they entered into a Restrictive Stock Agreement whereby, upon the death of either stockholder, the survivor was entitled to purchase the shares of the deceased stockholder. The agreement provided that the purchase price to be paid by the survivor was to be determined after the computation of "net shareholders' equity"

according to a formula specified in the agreement which provided a method for the appraisement of assets followed by a computation to be made by the corporation's certified public accountant. The agreement further provided that the accountant's computation "shall be conclusive on the parties."

In 1977, Robert L. Lowry, the majority stockholder, died leaving a Last Will and Testament directing that his executor comply with the provisions of the Restrictive Stock Agreement. Subsequently the executor petitioned the court of common pleas to approve the sale of the decedent's stock in Robert L. Lowry, Inc., to the surviving stockholder, appellee, Robert Griffin, for the sum of $91,772.00. In response to a citation, the widow and children of the decedent opposed the sale contending that the proposed purchase price had not been properly determined in accordance with the Restrictive Stock Agreement. Eventually, the trial court concluded that the sale price proposed for the stock had been properly determined in accordance with the agreement, and a final decree was entered authorizing and approving the sale of the stock.

An appeal, filed on August 7, 1978 in the Superior Court was later transferred to this Court on behalf of the decedent's widow, Mary E. Lowry. No appeal was filed on behalf of any of the children of the decedent. Appellant contends in this appeal that the trial court improperly approved the sale price of the decedent's stock because the price was not determined in accordance with the provisions of the Restrictive Stock Agreement. We do not reach the merits of that issue, however, because we conclude that appellee Robert Griffin's motion to dismiss this appeal must be granted because appellant has no standing to be heard. The relevant facts which are not in dispute follow.

In 1966, the decedent, Robert L. Lowry and his wife, Mary E. Lowry, appellant herein, entered into a post-nuptial agreement whereby appellant relinquished her rights to her husband's estate. Following her husband's death, appellant, who was not mentioned in her husband's will, filed an election to take against the will. Her purported right to do

so was contested and a final decree, based on the validity of the post-nuptial agreement, was entered on March 12, 1979, vacating her election. Appellant has filed no appeal from the final decree vacating her election, and the time for filing an appeal has expired. Pa.R.A.P. 902 and 903(a).

Under the circumstances, the widow has no standing to prosecute this appeal. Appellant may have had standing on August 7, 1978, when her appeal was docketed because on that date she had the possibility of an interest in her husband's estate as the result of her election to take against the will, the validity of which had not yet been determined when she filed this appeal. Appellant, however, has lost her standing as a result of the events which have transpired since August 7, 1978. The final decree vacating her election from which no appeal has been taken was a determination that appellant had no interest in her husband's estate. Having lost finally, whatever possibility of a interest she had appellant now has no interest in the propriety of the trial court's decree authorizing and approving the sale price of the decedent's stock in Robert L. Lowry, Inc.

Although appellant does not dispute that she now has no standing either as a beneficiary under the will or as a widow, she, nonetheless, argues that she currently has standing as a transferee of a partial interest in the estate which was transferred to her, about six months after she filed her appeal by five of her children, who are beneficiaries under the will of their father, Robert L. Lowry, appellant's husband. We do not agree that the transfer gives appellant any standing.

When the trial court entered its final decree approving the sale price of the decedent's stock, appellant and her children, who participated in the proceedings, had different interests in the decedent's estate. Appellant's only interest was based on the possible validity of her election to take against her husband's will which has since been determined finally, and adversely to her. Her children's interest in the decedent's estate was as beneficiaries of a residuary trust established for their benefit by the decedent. When the final decree was entered approving the sale price of the stock, no appeal

was filed on behalf of any of the beneficiaries of the residuary trust. When those beneficiaries transferred a part of their interest in the residuary trust to their mother, the time for appealing from the trial court's final decree approving the sale price of the stock had long since expired. Since the beneficiaries of the residuary trust had lost their right to appeal from the final decree they could not resurrect that right in either themselves in a transferee of any of their rights in the residuary trust. Although the beneficiaries may have had a right to transfer a part of their interest in the residuary trust, they could not append to that transfer a right to appeal which the beneficiaries themselves no longer had. The transferee stands in the shoes of the transferors as to any interest in the residuary trust. Since the transferors failed to file a timely appeal they have no standing to be heard on appeal. A transferee of their interest can have no greater rights.

Since we have concluded that the appellant currently has no standing in her own right as a widow or as a beneficiary under the decedent's will and has no standing as a transferee of a beneficial interest from transferors who failed to take a timely appeal, the motion of appellee Robert Griffin to dismiss the appeal of Mary E. Lowry is granted.

Appeal dismissed. Each party to pay own costs.